**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PETER S. HERRICK, P.A.,           :
                                  :
        Plaintiff,                :
                                  :
    v.                            : Civil Action No. 08-0035 (JR)
                                  :
U.S. CUSTOMS AND BORDER           :
PROTECTION,                       :
                                  :
        Defendant.                :

**MEMORANDUM**

Peter Herrick sued to obtain the names and addresses of individuals from whom the U.S. Customs and Border Protection had seized currency in ten cases. Suzuki Decl. ¶¶ 6, 13. Customs turned over names but not addresses of the individuals in eight cases that had been closed, withholding information about the two that were pending at the time of Herrick's FOIA appeal. Customs moves for summary judgment, arguing that its search was adequate, that 19 C.F.R. § 103.32 permits limiting the disclosure in seizure cases to names only, and that FOIA Exemptions 6 and 7(C) are applicable. Dkt. #5. Herrick concedes the adequacy of the search and the propriety of withholding information about pending cases but cross-moves for summary judgment, arguing that the addresses were improperly withheld under the FOIA exemptions. Dkt. #7. Customs' motion will be granted because, even if § 103.32 permits disclosures of the addresses, FOIA Exemption 7(C) was properly applied.

**FOIA Exemption (7)(C)**

The documents qualify as "records or information compiled for law enforcement purposes," and so the only question is whether disclosure of the addresses could "reasonably be expected to constitute an unwarranted invasion of personal privacy[.]"  5 U.S.C. § 552(b)(7)(C); see, *Quinon v. FBI*, 86 F.3d 1222, 1228 (D.C. Cir. 1996); *Seized Property Recovery, Corp. v. U.S. Customs and Border Protection*, 502 F.Supp.2d 50, 56 (D.D.C. 2007); Suzuki Decl. ¶¶ 14, 24.  Answering this question requires "the reviewing court to weigh the public interest in the release of information against the privacy interest in nondisclosure." *Schrecker v. U.S. Dept. of Justice,* 349 F.3d 657, 661 (D.C. Cir. 2003).

The Supreme Court has held "as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy, and that when the request seeks no official information about a Government agency, but merely records that the Government happens to be storing, the invasion of privacy is unwarranted."  *U.S. Dept. of Justice v. Reporters Comm. For Freedom of Press,* 489 U.S. 749, 780 (1989) (Exemption 7(C) properly applied to prevent a news organization from obtaining individuals' rap sheets) (internal quotations omitted). A panel of this Circuit has further held "categorically that,

unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure." *SafeCard Services, Inc. v. S.E.C.,* 926 F.2d 1197 (D.C. Cir. 1991) (Exemption 7(C) properly applied to "the names and addresses of potential witnesses or litigants in SEC stock manipulation investigations."); *see, Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995) (applying *SafeCard*).

Those decisions are controlling and dispositive. The addresses plaintiff seeks reveal nothing about Customs or what it is up to. Customs is not alleged to be connected to any possibly illegal activity. When a court is required to balance privacy interests against the public interest but is "shown no public interest in [disclosure] . . . [it] need not linger . . . ." *National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989).

**Conclusion**

For the reasons set out above, the defendants' motion for summary judgment, Dkt. #5, will be granted, and the

plaintiff's cross motion for summary judgment, Dkt. #7, will be denied in an order that accompanies this memorandum.


                              JAMES ROBERTSON
                    United States District Judge